78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fausto Roger SEQUEIRA-JAIME, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70296.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fausto Roger Sequeira-Jaime ("Sequeira-Jaime"), a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of the immigration judge ("IJ"), denying Sequeira-Jaime's application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition.
 
 
 3
 Because the BIA clearly incorporated the IJ's decision, "we treat the IJ's statement of reasons as the BIA's and review the IJ's decision." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). "The factual findings underlying the decision are reviewed for substantial evidence, and the IJ's determination should not be reversed absent compelling evidence of persecution." Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 Sequeira-Jaime contends that the IJ erred by finding that Sequeira-Jaime did not establish a well-founded fear of persecution. This contention lacks merit.
 
 
 5
 To establish eligibility for asylum based on a well-founded fear of persecution, an asylum applicant must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the applicant to meet this standard. Id. The objective component requires a showing by "credible, direct, and specific evidence" of facts showing a reasonable fear of persecution on account of one of the enumerated grounds. Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam).
 
 
 6
 Here, substantial evidence supports the IJ's determination that Sequeira-Jaime failed to establish his eligibility for asylum. Although Sequeira-Jaime's testimony may have established that he genuinely fears persecution if returned to Nicaragua, see Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990), he adduced no evidence to support an objective well-founded fear of persecution, see Rodriguez-Rivera, 848 F.2d at 1002.
 
 
 7
 Sequeira-Jaime was never detained, jailed or physically harmed. See Saballo-Cortez v. INS, 761 F.2d 1259, 1265 (9th Cir.1985). He was last questioned by the Sandinistas in 1986 and remained in Nicaragua without incident until 1993. Sequeira-Jaime's parents and siblings continue to reside in Nicaragua and have not been harmed. See Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990) (finding that applicant's asylum claim is undercut by family's continued safety). Accordingly, Sequeira-Jaime has failed to demonstrate that he is at particular risk for future persecution if returned to Nicaragua. See Kotasz v. INS, 31 F.3d 847, 852 (9th Cir.1994).
 
 
 8
 Sequeira-Jaime also claims that he fears persecution because his cousin was involved in a political organization and was allegedly murdered because of his activism. Sequeira-Jaime has not, however, established any link between his situation and his cousin's death. Sequeira-Jaime was not involved in any political organizations and did not belong to his cousin's group. Absent a pattern of persecution tied to Sequeira-Jaime, the alleged murder of his cousin is insufficient to establish a well-founded fear of persecution. See Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991); De Valle v. INS, 901 F.2d 787, 792 (9th Cir.1990).
 
 
 9
 To the extent Sequeira-Jaime contends that the Sandinistas retain power despite the 1990 election, we need not reach this issue because he has failed to show that he is at particular risk for future persecution if returned to Nicaragua. See Kotasz, 31 F.3d at 852. Accordingly, substantial evidence supports the IJ's determination that Sequeira-Jaime failed to establish his eligibility for asylum. See Kazlauskas, 46 F.3d at 905.
 
 
 10
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, we affirm the denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 PETITION FOR REVIEW DENIED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In his opening brief, Sequeira-Jaime requested oral argument. His request is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sequeira-Jaime requests attorney's fees under 28 U.S.C. § 2412. Because Sequeira-Jaime is not a prevailing party, his request is denied